IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LOUIS J. THIBODEAUX,                                    CV. 07-985-HU

        Petitioner,                    FINDINGS AND RECOMMENDATION

v.

BRIAN BELLEQUE,

        Respondent.

Corinne J. Lai
520 S.W. 6th Ave., Suite 825
Portland, Oregon, 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

    Attorneys for Respondent

HUBEL, Magistrate Judge

    Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For

1 -- FINDINGS AND RECOMMENDATION

the reasons set forth below, the petition should be denied, and this proceeding dismissed, with prejudice.

## BACKGROUND

In December, 2000, petitioner was convicted by a jury of Robbery in the First Degree and Unlawful Use of a Weapon. Petitioner was sentenced to a 120-month term of incarceration. Petitioner filed a direct appeal, but filed a Balfour brief which contained no assignments of error. The appeal was voluntarily dismissed.

Petitioner subsequently sought state post-conviction relief, raising multiple claims of ineffective assistance of trial and appellate counsel. Resp. Exh. 109. The trial court denied post-conviction relief. On appeal, petitioner filed a *pro se* appellant's brief alleging that the trial and post-conviction courts committed multiple errors, and alleging generally that he was denied effective assistance of trial counsel. Resp. Exh. 136 at 13 & 20. The Oregon Court of Appeals affirmed the denial of post-conviction relief, without opinion. Thibodeaux v. Lampert, 209 Or. App. 354, 147 P.3d 382 (2006).

On review to the Oregon Supreme Court, petitioner raised three assignments of trial court error: (1) unlawful durational departure sentence; (2) violation of plaintiff's right to a speedy trial; and (3) denial of discovery. Resp. Exh. 138 at 1. Petitioner's only reference to ineffective assistance of counsel was that trial

2 -- FINDINGS AND RECOMMENDATION

counsel was ineffective for failing to object to petitioner's "enhancement sentences" based upon the holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). Resp. Exh. 138 at 9. The Oregon Supreme Court denied review. Thibodeaux v. Lampert, 342 Or. 727, 160 P.3d 992 (2007).

In the instant proceeding, petitioner raises five grounds of ineffective assistance of trial and appellate counsel (grounds 1-5), and alleges that he was denied due process in the state post-conviction proceeding (grounds 6 & 7).

## DISCUSSION

Respondent moves the court to deny habeas relief on the basis that all of petitioner's grounds for relief are procedurally defaulted. Petitioner contends that his procedural default should be excused because it was caused by the post-conviction court's refusal to appoint substitute post-conviction trial counsel, and the subsequent denial of his request for appointment of counsel on appeal from the denial of post-conviction relief.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); Smith v. Baldwin, 510 F.3d 1127, 1137-38 (9th Cir. 2007), cert. denied, 129 S.Ct. 37 (2008); Carter v. Giurbino, 385 F.3d 1194, 1196 (9th Cir. 2004), cert. denied, 543 U.S. 1190 (2005). A state prisoner satisfies the

3 -- FINDINGS AND RECOMMENDATION

exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).

If a petitioner procedurally defaults his federal claims in state court, federal habeas relief is precluded absent a showing of cause and prejudice, or that failure to consider his federal claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Smith, 510 F.3d at 1139. To establish cause for a procedural default, a petitioner must prove that the procedural default is due to an objective factor that is external to the petitioner, and that cannot fairly be attributed to him. Coleman, 501 U.S. at 753; Smith v. Idaho, 392 F.3d 350, 356 (9th Cir. 2004); Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir. 2000).

It is uncontested that petitioner failed to fairly present any of his grounds for relief to the Oregon Supreme Court in his petition for review. Accordingly, the claims are procedurally defaulted because petitioner cannot again seek state post-conviction relief or appeal to the Oregon appellate courts. See O.R.S. 138.510(3) & 138.650(1).

Petitioner contends that because O.R.S. 138.590(4) provides that the state court shall appoint suitable counsel for a post-

4 -- FINDINGS AND RECOMMENDATION

conviction petitioner, the failure to appoint substitute counsel during his state post-conviction proceeding, or to appoint counsel to represent petitioner on appeal, violated his right to due process and equal protection and, therefore, constitutes cause sufficient to excuse his procedural default. The Ninth Circuit has ruled otherwise, however, holding that because there is no *federal* constitutional right to counsel during state post-conviction proceedings, a state court's failure to appoint counsel during such proceedings, *even if such failure violates state law*, does not constitute cause to excuse a procedural default. Smith v. Idaho, 392 F.3d at 357; McLenithan v. Hill, 2009 WL 2972988, *2 (D.Or. 2009); see also Bonin v. Vasquez, 999 F.2d 425, 429-31 (9th Cir. 1993). Accordingly, petitioner has failed to demonstrate sufficient cause to excuse his default, and federal habeas corpus relief is precluded.

## CONCLUSION

Based on the foregoing, petitioner's first amended habeas petition (#42) should be denied, and this proceeding dismissed, with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 5, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

5 -- FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due November 19, 2009. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this __21st__ day of October, 2009.

                                           /s/ Dennis J. Hubel

                                         _____
                                         Dennis J. Hubel
                                         United States Magistrate Judge

6 -- FINDINGS AND RECOMMENDATION